(October 16, 1986)

■ In the Matter of MARGARET A. AZRIA, Appellant, v GEORGE D. SALERNO et al., Constituting the New York State Board of Elections, et al., Respondents.—Mahoney, P. J.

On September 22, 1986, the Liberal Party, at a judicial nominating convention, nominated respondent Thomas J. Lowery, Jr., as its candidate for the office of Justice of the Supreme Court for the 5th Judicial District. Petitioner commenced the instant proceeding seeking to invalidate the certificate of nomination on the ground that there was an insufficient number of delegates present at the convention to constitute a quorum. Special Term dismissed the proceeding and this appeal by petitioner ensued.

The issue on this appeal concerns the number of delegates eligible to participate at the convention. Election Law § 6-124 provides that: "The number of delegates and alternates, if any, shall be determined by party rules, but the number of delegates shall be substantially in accordance with the ratio, which the number of votes cast for the party candidate for the office of governor, on the line or column of the party at the last preceding election for such office, in any unit of representation, bears to the total vote cast at such election for such candidate on such line or column in the entire state." The Liberal Party's rules provide for the selection of delegates and alternate delegates in the following manner: "One delegate and one alternate delegate from each Assembly district wholly within a judicial District and from that portion of an Assem-

bly District partially within such Judicial District in the Judicial District for each six hundred votes or major fraction thereof cast in such Assembly District wholly within a Judicial District and from that portion of an Assembly District partially within such Judicial District for the party candidate for governor * * * in the last preceding election. In no event, however, shall any Assembly District have or be entitled to less than one delegate and one alternate delegate." The 5th Judicial District is comprised of 10 Assembly Districts; eight lie fully within the 5th Judicial District and two lie partially within the 5th Judicial District. The Liberal Party call, which is the statement of party positions to be filled at that party's September 9, 1986 primary election, stated that the party was to select one delgate and alternate each from eight of the Assembly Districts within the 5th Judicial District. As a result of the primary, the State Board of Elections certified one delegate from each of five of the eight Assembly Districts specified in the call and four alternates. There is a factual dispute over whether a delegate from the 6th Assembly District was elected. On September 22, 1986, the judicial nominating convention was convened and Lowery was unanimously selected. The certificate of nomination states that a majority of the delegates were present. The dispute here concerns the number of delegates eligible, and, accordingly, whether a quorum was present. The facts can be tabulated as such:

| Assembly Districts within 5th Judicial District | 1982 Liberal vote for Governor | Delegates per Liberal Party call | Delegates elected |
|---|---|---|---|
| 111 (partial) | 96 | 1 | 0 |
| 113 (partial) | 195 | 0 | 0 |
| 114 | 273 | 1 | 0 |
| 115 | 278 | 1 | 1 |
| 116 | 475 | 1 | 1 |
| 117 | 317 | 0 | 0 |
| 118 | 481 | 1 | 1 |
| 119 | 963 | 1 | 1 |
| 120 | 548 | 1 | ? (disputed) |
| 121 | 602 | 1 | 1 |

According to the Liberal Party's rules, the total number of delegates eligible would have been 11; one for each Assembly District except for the 119th which would have two. However, the statutory provision that the number of delegates shall be substantially in accordance with the ratio of the votes cast in the Assembly District for the Liberal Party gubernatorial

candidate would take precedence over the party rule that each Assembly District receive at least one delegate *(see, Matter of Fogarty v Lomenzo,* 35 AD2d 746; *affd* 27 NY2d 759). A review of the votes cast for the Liberal Party candidate for Governor in 1982 indicates that giving both the 111th Assembly District, which had no more than 96 such votes* (ratio to State-wide vote of 115,606 is .0008), and the 121st Assembly District, which had more than six times as many such votes (ratio is .0052), one delegate each would violate the statutory require-ment regarding a substantial accordance with the ratio. Therefore, it was proper for the Liberal Party, in its call, to eliminate delegates from certain Assembly Districts *(see, Mat-ter of Fogarty v Lomenzo, supra).* However, in this case, the Liberal Party erred in assigning delegates to particular As-sembly Districts. First, only one delegate was called for from the 119th Assembly District instead of two, leaving the Lib-eral Party members in that Assembly District underrepre-sented. Further, there was no reason to eliminate a delegate from the 117th Assembly District when three other Assembly Districts, the 111th, 114th and 115th, cast less votes for the Liberal Party's candidate for Governor in 1982. The initial decision to eliminate a delegate from an Assembly District in order to comply with the ratio requirement of the statute was for the Liberal Party, and given the lack of any guidelines in the statute, the party must be given some latitude. Thus, we do not quarrel with the Liberal Party's decision to eliminate delegates from two Assembly Districts. However, it was not reasonable to choose to eliminate a delegate from the 117th Assembly District and allow delegates from the 111th, 114th and 115th Assembly Districts.

Respondents seem to argue that the process of calculating the number of delegates is simply to arrive at a "bottom line" of the number eligible, without regard to what units of repre-sentation the delegates come from. Thus, in this case, since 11 delegates were eligible and, assuming the Liberal Party prop-erly chose to elimiante delegates from two Assembly Districts to satisfy the ratio requirement, the proper number of dele-gates would be nine. Since either five or six would constitute a quorum, they argue that the statute was complied with. We disagree. The ratio provision in Election Law § 6-124 is there for a reason. Construing the statute's predecessor (Election Law § 132 [2]), this court stated that "[t]his limitation * * *

---

* The figure may be lower since only that part of the Assembly District within the 5th Judicial District is at issue.

was enacted into law as a part of the Reapportionment Compliance Act (L 1964, ch 976, § 7), indicating the Legislature's desire for proportional representation" *(Matter of Fogarty v Lomenzo, supra,* p 746). In *Fogarty,* the party's rules would have allowed 14 delegates. Three Assembly Districts were locted partially within the Judicial District and the total vote from those portions for that party's candidate in the prior gubernatorial election was less than one half of that of another Assembly District which would also receive one delegate. Thus, the party properly did not allow delegates to be elected from these Assembly Districts. In the instant case, the Liberal Party did not choose to eliminate delegates from the Assembly Districts which cast the least votes for the Liberal Party's candidate for Governor. As a result, Liberal Party members from the 119th Assembly District were underrepresented, and those from the 117th Assembly District were unrepresented when they had more claim to representation than those from the 111th, 114th and 115th Assembly Districts.

In conclusion, the Liberal Party judicial nominating convention was not legally constituted and the nomination must be declared invalid.

Judgment reversed, on the law, without costs, petition granted and certificate of nomination declared invalid. Mahoney, P. J., Main and Harvey, JJ., concur.

Mikoll and Yesawich, Jr., JJ., dissent and vote to affirm upon the opinion of Justice Harold J. Hughes at Special Term.